IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA PATTEE,

        Plaintiff,              No. CIV S-05-1805 KJM

    vs.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.         <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security, replacing Jo Anne B. Barnhart, the original defendant herein. Pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this action.

I. Factual and Procedural Background

In a decision dated January 28, 2005, the ALJ determined plaintiff was not disabled.[2]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of arthritis, diabetes, hypertension and a depressive order but these impairments do not meet or medically equal a listed impairment; plaintiff's subjective complaints are not fully credible; plaintiff has the residual functional capacity to perform medium work; plaintiff can perform her past relevant work as a housekeeper; and plaintiff is not disabled.  Administrative Transcript ("AT") 17-18.  Plaintiff contends the ALJ improperly rejected the opinion of a treating physician,

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1  failed to consider all of plaintiff's impairments, improperly discredited plaintiff's testimony and

2  that of her spouse, and incorrectly found plaintiff could perform her past relevant work.

3  II.  Standard of Review

4          The court reviews the Commissioner's decision to determine whether (1) it is

5  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8  Substantial evidence means more than a mere scintilla of evidence, but less than a

9  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

11 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

12 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

14 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

18 substantial evidence supports the administrative findings, or if there is conflicting evidence

19 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

22 1335, 1338 (9th Cir. 1988).

23 III.  Analysis

24     A.  Medical Opinion

25          Plaintiff contends the ALJ committed error in assigning minimal weight to the

26 opinion of treating physician, Dr. Fakhouri.  The weight given to medical opinions depends in

3

1   part on whether they are proffered by treating, examining, or non-examining professionals.

2   Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the

3   opinion of a treating professional, who has a greater opportunity to know and observe the patient

4   as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

5            To evaluate whether an ALJ properly rejected a medical opinion, in addition to

6   considering its source, the court considers whether (1) contradictory opinions are in the record,

7   and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

8   treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

9   F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

10   rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at

11   830.  While a treating professional's opinion generally is accorded superior weight, if it is

12   contradicted by a supported examining professional's opinion (e.g., supported by different

13   independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

14   1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

15   any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

16   findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

17   minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

18   non-examining professional, without other evidence, is insufficient to reject the opinion of a

19   treating or examining professional.  Lester, 81 F.3d at 831.

20            Plaintiff's treating physican, Dr. Fakhouri, filled out a musculoskeletal

21   questionnaire in December 2003 and in December 2004 opined with respect to plaintiff's

22   functional limitations in a residual functional capacity questionnaire.  AT 156-158, 205-209.  The

23   functional limitations set forth therein are extremely restrictive.  The ALJ gave minimal weight

24   to these assessments, relying instead on the opinions of the examining internal medicine

25   consultant, Dr. O'Brien, and the state agency physician, both of whom opined plaintiff could

26   perform at least medium work.  AT 14, 16, 139-144, 145-152.  In rejecting Dr. Fakhouri's

1  opinion, the ALJ noted the "absolute paucity of any objective evidence" supporting the opinion.

2  AT 14.  Review of the medical records demonstrates the accuracy of the ALJ's characterization.

3  AT 133-138, 159-178, 204.  Plaintiff was seen mostly for diabetic monitoring; there simply are

4  no clinical findings that can support the extreme limitations assessed by Dr. Fakhouri.  Because

5  Dr. O'Brien's assessment rests on independent clinical findings made after a comprehensive

6  exam, the ALJ did not err in rejecting Dr. Fakhouri's opinion in favor of Dr. O'Brien's.

7       B. Obesity

8       Plaintiff also asserts the ALJ did not consider all of her impairments because

9  plaintiff's obesity was not addressed in the ALJ's decision.  Obesity has been eliminated from the

10  Listing of Impairments (Listing 9.09) because the Social Security Administration determined that

11  the criteria in the Obesity Listing did "not represent a degree of functional limitation that would

12  prevent an individual from engaging in any gainful activity."  Social Security Ruling (SSR)

13  02-1p (2002).  Obesity remains, however, a factor that may be considered at any step in the

14  sequential evaluation.  See id.  The ruling further provides:

15       . . . [W]e will not make assumptions about the severity or
        functional effects of obesity combined with other impairments.

16       Obesity in combination with another impairment may or may not
        increase the severity or functional limitations of the other

17       impairment. We will evaluate each case based on the information
        in the case record.

18

19  Id.

20       In this case, the record is devoid of any complaints by plaintiff to her treating

21  medical practitioners regarding limitations due to obesity.  AT 159-178.  Moreover, the

22  examining physician noted plaintiff's "moderate centripetal obesity" but ascribed no functional

23  limitations to that condition.  AT 141, 144.  Under these circumstances, the ALJ did not err in

24  not specifically discussing obesity in his decision.

25  /////

26  /////

1    C.  Credibility

2           Plaintiff also contends the ALJ improperly discredited her testimony regarding her

3    subjective complaints and the testimony of her husband.  The ALJ determines whether a

4    disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the

5    proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th

6    Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v.

7    Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th

8    Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for

9    the disbelief").

10          In evaluating whether subjective complaints are credible, the ALJ should first

11   consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

12   F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

13   the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

14   medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

15   (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

16   testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

17   prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

18   1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

19   55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

20   and effect of symptoms, and inconsistencies between testimony and conduct also may be

21   relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

22   to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

23   the ALJ in determining whether the alleged associated pain is not a significant nonexertional

24   impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may

25   rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458

26   (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172,

177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

In finding plaintiff was not credible, the ALJ noted the utter lack of objective findings to support plaintiff's testimony of disabling musculoskeletal pain and severe physical limitations.  AT 16, 138, 159-178; cf. AT 234-240.  The ALJ also noted plaintiff had not been referred to any specialist for pain management or further investigation of her complaints.  The ALJ also considered plaintiff's taking of only over-the-counter medication for pain.[3]  The ALJ factored into the credibility analysis plaintiff's failure to report any limitations in activities of daily living to any treating source.  The ALJ further considered plaintiff's noncompliance with her medical regime, and that no retinopathy or neuropathy in connection with her diabetes was evident.  AT 16, 166, 170, 176.  The factors considered by the ALJ all were valid and supported by the record.  The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

Plaintiff's husband also testified similarly to plaintiff regarding her limitations.  "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment."  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition).  "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."  Dodrill, 12 F.3d at 919.

---

[3]  In light of the numerous prescribed medications to which plaintiff has access, her ability to ameliorate her pain with over-the-counter pain medications is a significant factor that the ALJ legitimately considered.  AT 99-100.

Here the ALJ rejected the testimony of plaintiff's spouse because it was totally inconsistent with the medical record.  AT 16.  Such a reason is germane and the ALJ fulfilled his duty in discrediting this testimony.  See Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001).

D.  Past Relevant Work

As discussed above, the ALJ properly relied on the opinions of Dr. O'Brien and the state agency physician in finding that plaintiff could perform medium work.  Plaintiff's past relevant work as a hospital cleaner/housekeeper is classified in the Dictionary of Occupational Titles[4] as requiring only a light level of exertion.  DOT # 323.687-014.[5]  The capacity to perform

---

[4]  The United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles ("DOT") is relied on routinely by the Social Security Administration "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy."  Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990).  The DOT classifies jobs by their exertional and skill requirements.  The DOT is a primary source of reliable job information for the Commissioner.  20 C.F.R. § 404.1566(d)(1).

[5]  The ALJ relied on DOT # 323.687-014.  AT 17.  It appears, based on plaintiff's description of her job duties, that DOT # 323.687-010, as described below, more accurately fits plaintiff's duties.  See AT 72.  Because the strength required under this title is medium, the court finds the ALJ's reliance on DOT # 323.687-014, if in error, to be harmless.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990) (harmless error analysis applicable in judicial review of social security cases).

The DOT provides in pertinent part:

**323.687-010 CLEANER, HOSPITAL (medical ser.) alternate titles: housekeeper, hospital**

1. Cleans hospital patient rooms, baths, laboratories, offices, halls, and other areas: Washes beds and mattresses, and remakes beds after dismissal of patients. Keeps utility and storage rooms in clean and orderly condition. Distributes laundered articles and linens. Replaces soiled drapes and cubicle curtains. Performs other duties as described under CLEANER (any industry) I Master Title. May disinfect and sterilize equipment and supplies, using germicides and sterilizing equipment.
*GOE: 05.12.18 STRENGTH: M GED: R2 M1 L2 SVP: 2 DLU: 87*

**323.687-014 CLEANER, HOUSEKEEPING (any industry) alternate titles: maid**

Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title. May be designated according to type of

medium work includes the capacity to perform light work.  20 C.F.R. § 404.1567(c).  There was no error in finding plaintiff could perform her past relevant work.  <u>See</u> <u>Sanchez v. Secretary of HHS</u>, 812 F.2d 509, 511 (9th Cir. 1987) (plaintiff not disabled if he or she can perform past work as performed in national economy).

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment or remand is denied, and

2.  The Commissioner's cross-motion for summary judgment is granted.

DATED:  March 29, 2007.

_____
U.S. MAGISTRATE JUDGE

006
pattee.ss

---

establishment cleaned as Beauty Parlor Cleaner (personal ser.); Motel Cleaner (hotel & rest.); or according to area cleaned as Sleeping Room Cleaner (hotel & rest.).
*GOE: 05.12.18 STRENGTH: L GED: R1 M1 L1 SVP: 2 DLU: 86*